### HENRY GREENWOOD *vs.* ELISHA MURDOCK.

A mortgage, to secure advances to enable the mortgagor to erect a building, of "all his right, title and interest which he now has in the foundation or stone work of said building, and which he may have in and unto said building during its erection and completion and after it is completed," passes the land on which the building stands.

BILL IN EQUITY to redeem about a quarter of an acre of land from a mortgage. The bill and answer exhibited the following case :

On the 21st of May 1850 the inhabitants of Winchendon demised said land to Harrison Harwood for nine hundred and ninety nine years, at an annual rent of one dollar, by a lease which provided for the erection of a large building, and prohibited the erection of any other on said land. On the same day Harwood mortgaged the land to Milton S. Morse to secure the payment of $1000; and on the 5th of the following August he executed an indenture, which, after reciting that Morse had advanced money and furnished materials and labor for the purpose of erecting said building, "witnesseth that the said Harwood, for the purpose of securing and indemnifying the said Morse, his heirs and assigns, for and on account of said advances, materials and labor, furnished as aforesaid, has granted, bargained, sold, remised and released, all his right, title and interest which he now has in the foundation or stone work of said building, and by these presents does hereby grant, sell, bargain, release and remise unto the said Morse, and his heirs and assigns, all his right, title and interest, which he may have in and unto said building during its erection and completion and after it is completed, as mentioned in said lease. Provided the said Morse shall continue to furnish money, materials and labor for its completion. To have and to hold said stone work, building and premises, hereby granted or mentioned, or intended so to be, with all the appurtenances thereunto belonging, unto the said Milton S. Morse, his heirs and assigns, to his and their use and behoof forever. Provided nevertheless, that if the said Har-

wood, or his heirs, administrators and executors, shall well and truly pay unto the said Morse, or his heirs and assigns, the sum of money by the said Morse advanced and materials and labor furnished as aforesaid, in three equal annual payments," on days specified, " with interest thereon at eight per cent. until paid, then this present indenture and the estate hereby granted, as well as the recited obligation, shall cease, determine, and be absolutely void ; otherwise, to remain in full force and virtue. Provided also, and it is further agreed, that, until default by the party of the first part to pay as aforesaid, he may remain in possession of the said premises, and use and enjoy the same, without molestation by the said Morse or his representatives."

The plaintiff claimed by subsequent conveyance from Harwood, and the defendant as assignee of Morse.   The plaintiff offered to pay the amount secured by the mortgage of May. The defendant contended that he should also pay the amount advanced by Morse in money, labor and materials secured by the indenture made in August.

*C. Devens, Jr.*, for the plaintiff, contended that the indenture passed only Harwood's then interest in the foundation and stone work. of the building ; and cited Com. Dig. Grant, D. ; Co. Lit. 4 *b*, 5 *b ;* 2 Story on Eq. § 1021 ; *Adams* v. *Frothingham*, 3 Mass. 352; *Jones* v. *Richardson*, 10 Met. 481 ; *Barnard* v. *Eaton*, 2 Cush. 303 ; *Doane* v. *Broad Street Association*, 6 Mass. 332 ; *Leonard* v. *White*, 7 Mass. 6 ; *Otis* v. *Smith*, 9 Pick. 293 ; *Allen* v. *Scott*, 21 Pick. 25 ; *Bacon* v. *Bowdoin*, 22 Pick. 401 ; *Bacon* v. *Bowdoin*, 2 Met. 598 ; *Atkins* v. *Bordman*, 2 Met. 471 ; *Ashby* v. *Eastern Railroad*, 5 Met. 368 ; *Cheshire* v. *Shutesbury*, 7 Met. 566 ; *Forbush* v. *Lombard*, 13 Met. 109 ; *Blake* v. *Clark*, 6 Greenl. 436 ; *Doe* v. *Burt*, 1 T. R. 701.

*N. Wood*, for the defendant, cited some of the same cases, and also *Glover* v. *Austin*, 6 Pick. 220 ; *Winslow* v. *Merchants' Ins. Co.* 4 Met. 306 ; *Butler* v. *Page*, 7 Met. 40 ; *Lewis* v. *Lyman*, 22 Pick. 437 ; Com. Dig. Grant, E. 11 ; 3 Dane Ab. 107 ; *LeRoy* v. *Platt*, 4 Paige, 77 ; *Swartz* v. *Swartz*, 4 Barr, 353 ; *Doe* v. *Wheeler*, 6 Ired. 196 ; *Webb* v. *Patterson*, 7 Humph. 434

BIGELOW, J.   The estate demised to Harwood by the inhab-
itants of Winchendon for the term of nine hundred and ninety
nine years is in these proceedings to be treated as an estate in
fee simple, by virtue of the Rev. Sts. *c.* 60, § 18, which provide
that leasehold estates demised for one hundred years or more, so
long as fifty years of the term remain unexpired, shall be re-
garded as an estate in fee simple, " as to everything concerning
the redemption thereof when mortgaged."

The only question raised by the plaintiff is, whether the de-
fendant acquired any interest in the land by virtue of the inden-
ture of mortgage of August 5th 1850, between Harwood and
Morse, which has been assigned to the defendant, or whether it
was a conveyance only of the materials used in the construction
of the building.

It seems to us that the terms of the grant bring it within
the numerous cases in which it has been decided that land will
pass by a deed which does not contain any description of the
land, but which grants only the structure which is erected
upon it ; so that a grant of a barn, a shop, a house, a well, a
mill, will convey a title to the land under it and necessary
to its enjoyment and use.   *Cheshire* v. *Shutesbury*, 7 Met.
566.   *Forbush* v. *Lombard*, 13 Met. 109.   *Johnson* v. *Rayner*, 6
Gray, 110.

In the present case the grant is of all the right, title and inter-
est which the grantor now has in the foundation or stone work
of the building, and also of all the " right, title and interest "
which the grantor " may have in and unto said building during
its erection and completion, and after it is completed, as men-
tioned in said lease."   Now the right which the grantor had in
said foundation, stone work and building, under the lease, was
not merely or mostly a right to the materials of which they were
composed, but the more valuable right of having them on the
premises as part of a structure, with a right to use and occupy
them for a long period of time.   It was a grant therefore of his
right to the use and occupation of the land, as well as of the
building or of the portion of it then erected.

Such we think was clearly the intent of the parties.   It is

not reasonable to suppose that the grantee, when advancing money to complete the building, would take, as security for his advances, a mortgage on the materials only, which were to become part of the realty, and which, by the terms of the lease, when annexed to the freehold, he would have no right to remove or in any way render available as security for his loan.

We are therefore of opinion that the respondent has a right to receive from the plaintiff for the redemption of the premises the advances made under said indenture, and the case must go to a master to determine the amount.